# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY GRIFFIN, | : | Civil No. 3:13-CV-131 |
| Petitioner, | : | (Judge Mariani) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| TREVOR WINGARD, | : | |
| Respondent. | : | |

## MEMORANDUM OPINION

### I. Statement of Facts and of the Case

This matter comes before the court on a motion filed by the petitioner requesting that we reconsider a report and recommendation which recommended that the petitioner's petition for writ of habeas corpus be dismissed without prejudice while the petitioner exhausts his state court remedies.

The petitioner, Leroy Griffin, is a state prisoner who filed a petition for a writ of habeas corpus, which challenges Griffin's 2002 state conviction for rape and related offenses. Griffin's petition reveals that this conviction is the subject of on-going state post-conviction litigation, litigation which is being actively conducted in the state courts. Thus, most recently, in June of 2012 this matter was remanded to the Court of Common Pleas of Lebanon County by the Pennsylvania Superior Court for further

proceedings on Griffin's petition filed pursuant to Pennsylvania's post-Conviction Relief Act, 42 Pa. C.S.A. §§ 9541 et seq. (PCRA).

Accordingly, because it was apparent from the face of Griffin's petition that this petition for writ of habeas corpus was plainly unexhausted since Griffin acknowledged in his petition that he is currently pursuing claims in state court relating to his 2002 state conviction, we found that Griffin's petition presented us with the very paradigm of an unexhausted federal habeas corpus petitions, a petition whose claims have not been fully presented and resolved in the state courts. Therefore, we recommended that the petition be dismissed without prejudice. (Doc. 4.)

Griffin has now filed a motion asking us to reconsider this report and recommendation. (Doc. 6.) For the reasons set forth below, this motion will be denied.

## II. Discussion

### A. Motions to Re-Consider–The Legal Standard

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening

change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". <u>Dodge v. Susquehanna Univ.</u>, 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." <u>Max's Seafood Café</u>, 176 F.3d at 677 (quoting <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Id.</u> (citation omitted).
>
> <u>Howard Hess Dental Laboratories Inc. v. Dentsply Intern, Inc.</u>, 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. <u>Dodge</u>, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." <u>Continental Casualty Co. v. Diversified Indus., Inc.</u>, 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. <u>Dodge</u>, 796 F.Supp. at 830. Rather, such a motion is appropriate only where

the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

### B. Reconsideration is Not Warranted in This Case

Here we find that reconsideration of our prior report and recommendation is not warranted. At the outset, as a legal matter there is no dispute that state prisoners like Griffin who seek relief under Section 2254 must satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). Section 2254's exhaustion requirement calls for total exhaustion of all available state remedies. Thus, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. See Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to

pass upon and correct alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). As the Supreme Court has aptly observed: "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation. Rose v. Lundy, 455 U.S. 509, 518 (1982). Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual record is created to aid the federal courts in their review of a § 2254 petition. Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995). A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts. Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992); Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982). A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." Parker v. Kelchner, 429 F.3d 58, 63 (3d Cir. 2005).

In this case, on the face of this habeas corpus petition it is evident that the petitioner has not met §2254's exhaustion requirement. Moreover, we cannot discern a justification or excuse which would warrant foregoing the exhaustion requirement that is plainly prescribed by law. Therefore, since Griffin's failure to exhaust these state remedies is clear and should not be excused, under the law his petition for writ of habeas corpus should be dismissed at this time without prejudice to the litigation of any federal claims once these state post-conviction proceedings have concluded.

In this case, it appears that Griffin seeks to pursue habeas relief in federal court at this time rather than exhausting his state legal remedies because he is frustrated by a delay he has recently experienced in receiving transcripts of prior state court proceedings following the remand of this case to the Court of Common Pleas. Thus, Griffin seems to argue that this six-month delay in obtaining transcripts from state court proceedings spanning the past decade justifies excusing him from compliance with this legally mandated exhaustion requirement.

Because of the strong policies favoring exhaustion of state remedies, petitioners who seek to be excused from this requirement must make an exacting showing. As the United States Court of Appeals for the Third Circuit has aptly observed:

> Under ordinary circumstances, a federal court may not entertain a petition for a writ of habeas corpus unless the petitioner has first presented each of his claims to the state's highest tribunal. See 28 U.S.C. §§ 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16(1982). Exhaustion, however,

is not a jurisdictional matter but a matter of comity. See Story v. Kindt, 26 F.3d 402, 405 (3d Cir.1994). Federal courts need not defer to the state judicial process when there is no appropriate remedy at the state level or when the state process would frustrate the use of an available remedy. Id.; 28 U.S.C. § 2254(b)(1)(B). We have held that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir.1986). The existence of an inordinate delay does not automatically excuse the exhaustion requirement, but it does shift the burden to the state to demonstrate why exhaustion should still be required. Story, 26 F.3d at 405 (noting that this burden is "difficult to meet").

Lee v. Stickman, 357 F.3d 338, 341 (3d Cir. 2004).

In defining what type of delay constitutes an "inexcusable or inordinate delay" which may justify excusing the exhaustion requirement, the courts have typically looked at delays of years, not months. Thus, as the appellate court has explained:

> We stated in Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir.1986), that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." In that case, thirty-three months had passed after the petitioner's PCRA filing without resolution. Id. This, we found, excused the petitioner's failure to exhaust his state court remedies. Id. at 356. The thirty-three month delay in Wojtczak remains the shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement.

Cristin v. Brennan, 281 F.3d 404, 411 (3d Cir. 2002)(refusing to excuse exhaustion in the face of 27 month delay). See, e.g., Coss v. Lackawanna County Dist. Att'y, 204 F.3d 453, 460 (3d Cir.2000) (en banc) (seven year delay), rev'd on other grounds, 532 U.S. 394 (2001); Story v. Kindt, 26 F.3d 402, 406 (3d Cir.1994) (nine year delay).

Yet, justice in this setting is not reduced to a simple process of arithmetic. Instead, it has been held that: "delays of eleven, five, twelve and three years sufficient to excuse exhaustion. See Hankins, 941 F.2d at 247 (eleven years to decide motion to withdraw guilty plea sufficient to excuse exhaustion requirement); Burkett, 826 F.2d at 1218 (five year delay sufficient to excuse exhaustion); Codispoti v. Howard, 589 F.2d 135 142 (3d Cir.1978) (twelve years to decide new trial motion); United States ex rel. Senk v. Brierley, 471 F.2d 657, 660 (3d Cir.1973) (three year delay in deciding PCRA petition)." Story v. Kindt, 26 F.3d 402, 405-6 (3d Cir. 1994). However, as time passes, the government's burden in justifying the delay increases, a burden that often "is difficult to meet." Id. at 406 (citing Burkett v. Cunningham, 826 F.2d 108, 1218 (3d Cir. 1987).

In this case, the delay experienced by Griffin since his state case was remanded for further proceedings in June 2012, has spanned only approximately 6 months. During that six-month period the state case docket reveals that hearings have been scheduled; conferences have been conducted; and the process of obtaining additional materials pertinent to Griffin's PCRA petition claims has commenced. In short, the state court docket reveals that the state courts are actively addressing Griffin's PCRA petition in a conscientious fashion. On these facts, we cannot say "inexcusable or inordinate delay by the state in processing claims for relief [which] may render the state remedy effectively unavailable" has occurred. Wojtczak v. Fulcomer, 800 F.2d

353, 354 (3d Cir.1986). Therefore, Griffin is not entitled to forego the exhaustion requirement mandated by law.

In sum, in this case the law and the facts remain unchanged since Griffin first filed his petition for writ of habeas corpus. Under the law, on these facts Griffin's petition is premature and should be dismissed. Therefore, since Griffin has not shown "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010), he may not prevail on this motion to reconsider, and the motion must be denied.

### III. Conclusion

For the foregoing reasons, Griffin's motion to reconsider is DENIED.

So ordered this 14th day of February 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge