IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY GRIFFIN, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL NO. 3:13-CV-00131 |
| v. | : | |
| | : | (Judge Mariani) |
| TREVOR WINGARD, et al., | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

I. **Introduction**

Petitioner Leroy Griffin ("Petitioner" or "Griffin"), a state prisoner currently confined at the State Correctional Institution Laurel Highlands at Somerset, Pennsylvania ("SCI Laurel Highlands"), initiated the above-captioned action by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2254. (Doc. 1). Griffin challenges his 2002 state conviction for rape and related offenses. A review of the Petition shows that this conviction is the subject of on-going state post-conviction litigation.

On January 18, 2013, Magistrate Judge Martin C. Carlson issued a Report and Recommendation ("R&R") recommending that the Petition be dismissed, without prejudice, and that a certificate of appealability should not issue. (Doc. 4). On February 7, 2013,

Petitioner filed objections to the R&R of the Magistrate Judge. (Doc. 5).[1] For the reasons set forth herein, we conclude that Griffin's Petition has failed to meet the exhaustion requirement as his state court claims relating to his 2002 state court conviction are currently ongoing. Therefore, we will adopt the R&R of the Magistrate Judge and dismiss the Petition.

## II.   Background

Petitioner was convicted on July 2, 2002 in the Court of Common Pleas of Lebanon County. (Doc. 1). A review of his Pennsylvania docket shows that his conviction is currently the subject of on-going state post-conviction litigation. *Commonwealth v. Griffin*, CP-38-CR-0000312-2002. In June of 2012, the Pennsylvania Superior Court remanded Petitioner's case to the Court of Common Pleas of Lebanon County for further proceedings on Petitioner's post-conviction relief pursuant to Pennsylvania's Post-Conviction Relief Act, 42 Pa. C.S.A. §§ 9541 *et seq*. ("PCRA"). *Commonwealth v. Griffin*, 674 MDA 2011. The Court of Common Pleas docket shows that the case is still active and a decision has yet to be filed. *Griffin*, CP-38-CR-000312-2002.

## III.   Standard of Review

When objections are filed to a report and recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. §

---

[1] After the R&R and objections were filed, Petitioner additionally filed a motion for reconsideration with the Magistrate Judge (Doc. 6), a motion for response of PA Attorney General (Doc. 8), and a motion to allow for correction of caption heading (Doc. 13). Magistrate Judge Carlson denied the motion for reconsideration (Doc. 7) and the motion for response of PA Attorney General (Doc. 9). Magistrate Judge Carlson granted Petitioner's motion to allow for correction of caption heading. (Doc. 14).

2

636(b)(1)(C); see *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. See *United States v. Raddatz*, 447 U.S. 667, 676 (1980); see also *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## IV. Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970), cert. denied, 400 U.S. 906 (1970). The *Allen* court also stated that "the

3

District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. See *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir.2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir.1999); see also *Nara v. Frank*, 488 F.3d 187, 197–98 (3d Cir.2007) (recognizing that a claim is fairly presented when a petitioner presents the same factual and legal basis for the claim to the state courts). While the

4

petitioner need not cite "book and verse" of the federal Constitution, *Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), he must "give the State 'the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting those claims here, *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (quoting Picard, 404 U.S. at 275).

As the Magistrate Judge explained and a review of the record shows, Petitioner has failed to meet the exhaustion requirement. Petitioner objects to dismissal of his Petition, explaining that his claim is a serious legal matter and a reliable claim.[2] (Doc. 10). Despite however serious and reliable Petitioner's claim may be, Petitioner is still required to exhaust the remedies available in the state courts. 28 U.S.C. § 2254(b). Accordingly, we will adopt

---

[2]Petitioner states in his objections:

> At this stage, all the Petitioner can provide is a verification of an Exhaustion as so found applicable under Third Circuit Standards. Which must demonstrate sufficiently being copied in a manner for the U.S. Magistrate to receive just what indicated a preservation and reservation. As such relates to the initial habeas form submission.

(sic) (Doc. 10). In as far as this can be construed as a request to stay the proceedings until the exhaustion requirement is met so as to preserve Petitioner's claim, we will not grant a stay.
We also note Petitioner states in his objections:

> At the very same time, this Petitioner has received a troubling mailing that has clearly and precisely no verifications of postage paid, nor on wither (sic) side any verifications of any of the computer bars normally utilized by the U.S. Post Office. Where this Court has utilized a new process, this Petitioner has no knowledge in such regards. He must as a matter of legal fact request understanding. Because such mail was provided open.

(sic) (*Id.*). The Court is uncertain as to the purpose of this passage by Petitioner, but we note that it does not appear to relate to his legal claim, nor does it appear to relate to the R&R of the Magistrate Judge.

5

the R&R of the Magistrate Judge and find that dismissal of the Petition is appropriate. As such, we will dismiss the Petition for lack of exhaustion. An appropriate Order follows.

Robert D. Mariani
United States District Judge