# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEROY GRIFFIN,

    Petitioner,

v.

TREVOR WINGARD, et al.,

    Respondents.

CIVIL NO. 3:13-CV-00131

(Judge Mariani)

FILED
SCRANTON
SEP 0 4 2013

PER _____
DEPUTY CLERK

## MEMORANDUM

### I. Introduction

Petitioner Leroy Griffin ("Petitioner" or "Griffin"), a state prisoner currently confined at the State Correctional Institution Laurel Highlands at Somerset, Pennsylvania ("SCI Laurel Highlands"), initiated the above-captioned action by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2254. (Doc. 1). Griffin challenged his 2002 state conviction for rape and related offenses. A review of the Petition showed that this conviction is the subject of on-going state post-conviction litigation.

On January 18, 2013, Magistrate Judge Martin C. Carlson issued a Report and Recommendation ("R&R") recommending that the Petition be dismissed, without prejudice,

and that a certificate of appealability should not issue. (Doc. 4). On February 7, 2013, Petitioner filed objections to the R&R of the Magistrate Judge. (Doc. 5).[1]

On August 26, 2013, this Court issued an Order adopting the R&R of Magistrate Judge Carlson and dismissing the Petition. (Doc. 16). On September 3, 2013, Petitioner filed a motion for reconsideration of our Order. (Doc. 17).

## II. Background

Petitioner was convicted on July 2, 2002 in the Court of Common Pleas of Lebanon County. (Doc. 1). A review of his Pennsylvania docket shows that his conviction is currently the subject of on-going state post-conviction litigation. *Commonwealth v. Griffin*, CP-38-CR-0000312-2002. In June of 2012, the Pennsylvania Superior Court remanded Petitioner's case back to the Court of Common Pleas of Lebanon County for further proceedings on Petitioner's post-conviction relief pursuant to Pennsylvania's Post-Conviction Relief Act, 42 Pa. C.S.A. §§ 9541 *et seq.* ("PCRA"). *Commonwealth v. Griffin*, 674 MDA 2011. The Court of Common Pleas docket shows that the case is still active and a decision has yet to be filed. *Griffin*, CP-38-CR-000312-2002.

## III. Standard of Review

A motion for reconsideration is a mechanism "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d

---

[1] After the R&R and objections were filed, Petitioner additionally filed a motion for reconsideration with the Magistrate Judge (Doc. 6), a motion for response of PA Attorney General (Doc. 8), and a motion to allow for correction of caption heading (Doc. 13). Magistrate Judge Carlson denied the motion for reconsideration (Doc. 7) and the motion for response of PA Attorney General (Doc. 9). Magistrate Judge Carlson granted Petitioner's motion to allow for correction of caption heading. (Doc. 14).

Cir.1985). A motion for reconsideration is generally permitted only upon the basis of three grounds: (1) there is an intervening change in the controlling law; (2) new evidence becomes available; or (3) clear error of law or to prevent manifest injustice. See *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (*citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)).

## IV. Discussion

In his motion for reconsideration, Petitioner asks us to reconsider the issue of transcripts he has failed to receive from Pennsylvania.[2] (Doc. 17). He also argues that Pennsylvania's failure to make any movement on a decision somehow excuses his lack of exhaustion. (*Id.*). None of these arguments form an appropriate basis for a motion for reconsideration. As such, we will deny the motion for reconsideration. An appropriate Order follows.

Robert D. Mariani
United States District Judge

---

[2] Petitioner's motion for reconsideration primarily discusses transcripts he wants to receive from Pennsylvania. However, as discussed in our previous Memorandum and Order (Docs. 15, 16), Petitioner has failed to exhaust and his habeas corpus Petition, which included the transcript issues, has been dismissed. Any requests for documentation in his on-going state proceedings must be made in the Pennsylvania courts. This Court will not consider any part of the Petition until the exhaustion requirement has been met.